UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMC CORPORATION, a Massachusetts Corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>RON SHA, an individual; LILY SHA, an individual; RAVI NAMBOORI, an individual; and VISTA POINT SYSTEM, LLC, a California Limited Liability Corporation,<br><br>      Defendants. | Case No.:13-CV-0118 EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS**<br><br>**[Re: Docket Nos. 19, 24, 26, 29]** |

Presently before the court in this fraud action is defendant Ravi Namboori's Motion to Dismiss Plaintiff EMC Corporation's ("Plaintiff") Complaint (Dkt. No. 19), defendants Ron Sha, Lily Sha, and Vista Point System, LLC's ("Vista Point") respective Motion for Judgment on the Pleadings (Dkt. Nos. 24, 26), and defendant Ravi Namboori's Motion for Sanctions (Dkt. No. 29) . The court found these matters suitable for decision without oral argument pursuant to Civil L.R. 7-

1

Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S
MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA
POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT
RAVI NAMBOORI'S MOTION FOR SANCTIONS

1(b) and vacated the hearings. Having fully reviewed the parties' briefing, and for the following reasons, the Court GRANTS IN PART and DENIES IN PART Mr. Namboori's Motion to Dismiss, DENIES AS MOOT Mr. Sha, Mrs. Sha, and Vista Point's respective Motions for Judgment on the Pleadings, and DENIES Mr. Namboori's Motion for Sanctions.

## I. Background

### a. The Parties

Plaintiff is a Massachusetts corporation that "provides archiving, backup and recovery, big data, data center management, and enterprise content management services to customers all over the world." Compl., Dkt. No. 1 at ¶ 14. Plaintiff operates its Back Up and Recovery Division ("BRS Division") in Santa Clara, California. Id.  Defendant Mr. Namboori worked in Plaintiff's BRS Division, under the supervision of co-defendant Ron Sha, from February 9, 2009 until his termination in October 2012. Id. at ¶ 16.

### b. Factual Background

Mssrs. Sha and Namboori previously worked together at Data Domain, Inc. Id. at ¶¶ 15-16. Plaintiff acquired Data Domain in July 2009 and integrated it into its BRS Division in Santa Clara. Id. at ¶ 3. Plaintiff hired Mr. Sha as Vice President of IT for the BRS Division, and Mr. Namboori to work under the supervision of Mr. Sha as the Director of Communications. Id. at ¶¶ 15-16.

Shortly after being hired by Plaintiff, Mr. Namboori signed a "receipt and Acknowledgment, of EMC's Business Conduct Guidelines," which indicated that he had received and read the EMC Business Conduct Guidelines ("Guidelines"), and understood that he was responsible for adhering to the principles set forth in the Guidelines. Id. at ¶ 19; EMC Business Conduct Guidelines, Dkt. No. 1-1.

The Guidelines set forth, in relevant part, the following instructions:

- Avoid any activity or personal interest that creates or appears to create a conflict between your interests and the interests of EMC or that might impair, or appears to

United States District Court
For the Northern District of California

impair, your ability as an EMC employee to perform your work objectively and effectively.

- Select a supplier only on the basis of price, quality, performance, and suitability of the product or service.
- Do not favor a supplier for reasons which could imply improper conduct or conflict of interest.

Id. at 1-2. Mr. Sha signed the same agreement on August 6, 2009. Dkt. No. 1 at ¶ 20.

Mrs. Sha created Vista Point in July 2010 under her maiden name, Hsiangmin Kung, with the assistance of her husband, Mr. Sha. Id. at ¶ 21. Plaintiff alleges that Mr. and Mrs. Sha created Vista Point to exploit Mr. Sha's position at EMC by allowing him to approve the contracting of IT professionals from Vista Point at a "mark-up" price. Id. at ¶ 25. Plaintiff also alleges that Mr. Namboori approved invoices sent from Vista Point to Plaintiff for the contracting of Vista Point's IT professionals, with the knowledge that Mr. Sha's wife owned Vista Point, and that he received personal gains from those contracts. Id. at ¶¶ 29, 31, 32.

### c. Procedural Background

Plaintiff filed the instant action against Defendants Mr. Namboori, Mr. Sha, Mrs. Sha and Vista Point (collectively, "Defendants") on January 9, 2013 raising claims of: (1) fraud; (2) breach of fiduciary duty (against Mr. Sha); (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (4) violation of California Business & Professions Code ¶ 17200; (5) unjust enrichment; (6) aiding and abetting breach of fiduciary duty (against Mr. Namboori, Mrs. Sha, and Vista Point), (7) accounting; and (8) declaratory relief. See Dkt. No. 1. Mr. Namboori filed the instant Motion to Dismiss all of EMC's claims against him on February 20, 2013. See Dkt. No. 19. The court now turns to the substance of that Motion.

## II. Legal Standard

The Federal Rules of Civil Procedure require pleadings to contain "short and plain" statements explaining why jurisdiction is proper, why the "pleader is entitled to relief," and the

3

Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

specific relief sought by the pleader. Fed. R. Civ. P. 8(a)(1)-(3). Although the pleader need not state "'detailed factual allegations,'" and well-pleaded allegations are accepted as true, the plaintiff must nevertheless "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). Facial plausibility is achieved when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663.

The pleader's allegations will be accepted as true so long as certain pleading requirements are met. Id.; see also Twombly, 550 U.S. at 555-56. If a pleader's allegations of wrongdoing are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" a court will not accept the allegations as true. Iqbal, 556 U.S. at 663. The court can use its "experience and common sense" to determine if a cause of action is supported by mere conclusions or well-pleaded factual allegations. Id. at 664. "Legal conclusions can provide the complaint's framework" but "they must be supported by factual allegations." Id. Finally, "well-pleaded factual allegations" will carry a presumption of "veracity" and the court will determine whether it is plausible that the pleader is entitled to relief. Id.

Also relevant to the instant motion, Federal Rule of Civil Procedure 9(b) requires allegations of fraud to be accompanied by the "who, what, where, and how of the misconduct charged," however, allegations of fraudulent concealment or omission require somewhat less specific averments of fraud. Noll v. eBay, Inc., 282 F.R.D. 462, 468 (N.D. Cal. 2012). "In the context of a fraudulent omission claim, a plaintiff cannot plead a specific time or place of a failure to act and may accordingly plead fraud in alternative ways." Id. (citing Washington v. Baenziger, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987)). Nevertheless, a fraudulent concealment or omission claim must satisfy Rule 9(b), specifically by stating the misrepresentation or omission that the plaintiff relied on, whether the misrepresentation or omission induced plaintiff's decision to take an action, or whether the plaintiff "would have acted differently had there been no misrepresentation." Noll, 282 F.R.D. at 468.

4
Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

**III. Discussion**

    **a. Fraud by Material Concealment and Omission**

"Nondisclosure or concealment may constitute actionable fraud" when the defendant (1) was in a fiduciary relationship with the plaintiff; (2) had exclusive knowledge of material facts not known to the plaintiff; (3) actively concealed a material fact from the plaintiff; or (4) made partial representations but also suppressed some material facts. Deteresa v. American Broadcasting Companies, Inc., 121 F.3d 460, 467 (9th Cir. 1997). Whether a claim is actionable under any of the last three sets of circumstances, in which the defendant did not owe a fiduciary duty to the plaintiff, depends on the "'existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise.'" Id. (quoting LiMandri v. Judkins, 52 Cal. App. 4th 326, 337 (1997)). This kind of relationship giving rise to a duty to disclose material facts can be borne out of "'any kind of contractual agreement.'" Id. (quoting LiMandri, 52 Cal. App. 4th at 337).

Here, Plaintiff sufficiently pleads the existence of a relationship giving rise to a duty to disclose material facts by submitting evidence of the EMC Business Conduct Guidelines ("Guidelines") that Mr. Namboori agreed to abide by during the course of his employment. Dkt. No. 1 at ¶ 39; Dkt. No. 1-1. Plaintiff alleges that Mr. Namboori signed a "receipt and Acknowledgement, of EMC's Business Conduct Guidelines, which indicated that he had received and read the Guidelines and understood that he was responsible for adhering to the principles set forth in the Guidelines. Dkt. No. 1 at ¶ 19. The Guidelines required Mr. Namboori to "avoid any activity or personal interest that creates or appears to create a conflict between your interest and the interests of EMC...." Dkt. No. 1, Ex. 1 at 1. This contractual relationship, which inter alia, required Mr. Namboori to avoid the precise type of activity at issue in this case, sufficiently establishes the existence of a relationship giving rise to a duty to disclose material facts. See Deteresa, 121 F. 3d at 467 (quoting LiMandri, 52 Cal. App. 4th at 3337).

As Plaintiff has pled the existence of a relationship giving rise to a duty to disclose material facts, the Court must go on to determine whether Plaintiff has successfully stated a claim for fraud

5

Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

against Mr. Namboori. To state a claim for fraud, Plaintiff must allege: (1) a misrepresentation by false representation, concealment, or nondisclosure, (2) defendant's knowledge of the falsity, (3) defendant's intent to induce reliance, (4) justifiable reliance by Plaintiff, (5) and resulting damage to Plaintiff, all to the satisfaction of Rule 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009). Mr. Namboori alleges that Plaintiff has failed to meet the heightened pleading standard of Rule 9(b). The court reviews Plaintiff's allegations as to each element in turn.

First, Plaintiff alleges that Mr. Namboori (1) omitted and misrepresented the nature of his relationship with the other Defendants; (2) misrepresented that "Vista Point was providing services that were of value to EMC when no such value existed;" and (3) misrepresented the "true amounts paid to contractors that Vista Point supplied to EMC." Dkt. No. 1 at ¶¶ 39-41.

Second, Plaintiff alleges Mr. Namboori's knowledge of the omissions or misrepresentations by stating that Mr. Namboori maintained a close relationship with the Defendants who allegedly formed Vista Point to defraud Plaintiff. Moreover, Plaintiff alleges that Mr. Namboori and Mr. Sha knew Mrs. Sha concealed her identity in her dealings with Plaintiff and used "this subterfuge to further their scheme to defraud EMC." Dkt. No. 1 at ¶ 42. Plaintiff provides further allegations supporting Mr. Namboori's knowledge by alleging that that he approved invoices for services sent from Vista Point to Plaintiff while concealing Mr. Sha's relationship to Vista Point from other members of Plaintiff's senior management. Id. at ¶ 31.

Third, Plaintiff alleges Mr. Namboori's intent to induce Plaintiff's reliance on the misrepresentations or omissions by alleging that Mr. Namboori intended that Plaintiff rely on his omissions and misrepresentations and continue to "pay substantial sums to Vista Point without EMC receiving significant value for Vista Point's alleged services." Id. at ¶ 42.

Fourth, Plaintiff alleges actual reliance on the misrepresentation by alleging that it paid Vista Point approximately $4,776,869.69, over a period of thirty months, and would not have done so if it had been aware of Defendants' conduct. Id. at ¶ 43; see Noll, 282 F.R.D at 468 (explaining

6
Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

that the party alleging fraud can satisfy the element of reliance by alleging that it would have acted differently had there been no misrepresentations or omissions by the defendant).

Fifth, Plaintiff alleges that it suffered financial injury because it would not have had to pay Vista Point for its services "but for Defendants' fraudulent scheme." Dkt. No. 1 at ¶ 44. Plaintiff further alleges that if Defendants had not engaged in the fraudulent scheme, it would have "based its decision on which staffing company vendor(s) to use based on merit, price, quality, performance and suitability of the product or service, as set forth in EMC's Business Conduct Guidelines." Id.

The above allegations are specific and clearly relate to the alleged fraud at the core of this case. As such, Plaintiff has satisfied Rule 9(b) in pleading its claim of fraudulent concealment or omission, and the court DENIES Mr. Namboori's Motion to Dismiss as to Plaintiff's First Cause of Action.

### b. RICO Violation

Under RICO it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Boyle v. U.S., 556 U.S. 938, 943-44 (2009) (quoting 18 U.S.C. § 1962(c)). A RICO claim must allege "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Sanford v. Memberworks, Inc., 625 F.3d 550, 557 (9th Cir. 2010) (quoting Odom v. Microsoft, Corp., 486 F.3d 541, 547 (9th Cir. 2007) (en banc)). "'Racketeering activity is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice.'" Sanford, 625 F.3d at 557 (quoting Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004)). The elements of RICO are interpreted broadly so as to "effectuate its remedial purpose." Boyle, 556 U.S. at 944; see also Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 497 (1985) ("RICO is to be read broadly."). Although the elements of a RICO claim are liberally construed, Plaintiff must allege the "'time, place, and manner of each fraud plus the role of each defendant in each scheme'"

to properly state a claim for a violation of section 1962(a)-(c). Schreiber Distributing Co. v. Serv.-Well Furniture Co., Inc., 806 F. 2d 1393, 1401 (9th Cir. 1986) (quoting Lewis v. Sporck, 612 F. Supp. 1316, 1325 (N.D. Cal 1985)). Any RICO claim that fails to meet this standard should be dismissed for failure to state a claim. Sanford, 625 F.3d at 558.

Plaintiff fails to meet the heightened pleading standard required for RICO claims because, though it does likely allege the presence of a fraudulent scheme, it has not submitted sufficient factual allegations regarding the role of each defendant in the scheme. See Schreiber, 806 F. 2d at 1401 (explaining that the plaintiff must describe the role of each defendant in the unlawful scheme). Plaintiff particularly fails to allege with specificity Mr. Namboori's role in the alleged unlawful scheme. See Dkt. No. 1 at ¶ 50-61. Plaintiff alleges that Defendants "had Vista Point submit invoices for approximately $4,776869.69 for goods and services for which Vista Point received significant value and for which EMC did not receive significant value," and that Defendants "misrepresented the amount of payments received by contractors that Vista Point was providing to EMC." See id. at ¶¶ 53, 55. However, these allegations do not attempt to separate or untangle the individual roles of Mr. Namboori, Mr. Sha, and Mrs. Sha in perpetuating the scheme.

Additionally, Plaintiff fails to allege factual allegations sufficient to plausibly state that Mr. Namboori's unlawful conduct constitutes actionable "racketeering activity." Plaintiff alleges only that "Defendants' unlawful conduct described above constitutes indictable mail and wire fraud under 18 U.S.C. § 1341 and 18 U.S.C. ¶ 1343." Id. at ¶ 58. To allege a violation of mail fraud under Section 1341, Plaintiff must sufficiently plead "'(1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud.'" Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004) (quoting Schreiber, 806 F. 2d at 1400). Similarly, to allege a violation of wire fraud under Section 1343 Plaintiff must sufficiently allege: (1) a scheme to defraud, (2), use of the wires in furtherance of the scheme, and (2) specific intent to defraud. U.S. v. McNeil, 320 F.3d 1034, 1040 (9th Cir. 2003). As

8
Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

Plaintiff has neglected to include any factual allegations sufficient to connect Mr. Namboori's conduct to either of these claims associated with "racketeering activity." As such, Plaintiff has failed to allege a violation of the RICO statute. Accordingly, the Court GRANTS Mr. Namboori's Motion to Dismiss as to the Plaintiff's Third Cause of Action for violations of the RICO statute WITH LEAVE TO AMEND.

### c. Unfair Competition under Section 17200 of the California Business and Professions Code

California's Unfair Competition Law ("UCL") prohibits businesses from engaging in unlawful, unfair, deceptive, or fraudulent business practices. See Cal. Bus. & Prof. Code §§ 17200 et seq. The UCL applies separately to business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Plaintiff alleges that the Mr. Namboori's conduct applies to each of the UCL's three prongs. Dkt. No. 1 at ¶ 63.

The UCL proscribes "any unlawful" business practice by "borrowing" violations of other laws and treating them "'as unlawful practices that the unfair competition law makes independently actionable.'" Chabner, 225 F.3d at 1048 (quoting Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)). Both statutory and common law violations can form the basis for a cause of action under the "unlawful" prong of the UCL. Mercado v. Allstate Ins. Co., 340 F.3d 824, 829, n.3 (9th Cir. 2003); see also In re Facebook PPC Advertising Litigation, 709 F. Supp. 2d 762, 771 (N.D. Cal. 2010) ("Plaintiffs' allegation of a systematic breach of contract is a sufficient predicate for unlawful business practices."). Because the court here finds that Plaintiff has stated a claim for fraudulent concealment or omission, the court also finds that Plaintiff has stated a claim under the "unlawful" prong of the UCL. See Section III.a. Having found that Plaintiff successfully stated a UCL claim, the court need not consider Plaintiff's allegations or Mr. Namboori's arguments relating to the remaining prongs. The Court DENIES Mr. Namboori's Motion to Dismiss with regard to the Plaintiff's Fourth Cause of Action.

### d. Unjust Enrichment

A claim for unjust enrichment depends on the theory that one "'who has been unjustly enriched at the expense of another is required to make restitution to the other.'" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 684 (9th Cir. 2009) (quoting Restatement of Restitution § 1 (1937)). "'The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it.'" Wal-Mart, 572 F.3d at 684 (quoting First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1663 (1992)).

Plaintiff's claim for unjust enrichment is a restatement of the elements of a claim for unjust enrichment, devoid of any context-specific facts to support the claim:

> Defendants benefited in each and all of the acts alleged herein, and have benefited from the retention, use, investment, and reinvestment of the benefits thereof. As a result, Defendants have been unjustly enriched to their benefit and to the detriment of Plaintiff. As a result of the foregoing unjust enrichment, Defendants have a duty to Plaintiff EMC to account for and make restitution to Plaintiff….

Dkt. No. 1 at ¶ 68-69. Such legal conclusions cannot, by themselves, support a claim for unjust enrichment. Plaintiff has simply failed to include factual allegations from which the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 663. Accordingly, the Court GRANTS Mr. Namboori's Motion to Dismiss as to Plaintiff's Fifth Cause of Action WITH LEAVE TO AMEND.

### e. Aiding and Abetting Breach of Fiduciary Duty

In California, "'[a] party can be liable for aiding and abetting an intentional tort if….an individual is aware that the other's conduct constitutes a breach of duty and provides substantial assistance or encouragement to the other to so act.'" In re First Alliance Mortg. Co., 471 F.3d 977, 993 (9th Cir. 2006) (quoting River Colony Estates Gen. P'ship v. Bayview Financial Trading Group, Inc., 287 F. Supp. 2d 1213, 1225 (S.D. Cal. 2003)). Alternatively, a plaintiff may state a claim by alleging that the party gave "substantial assistance to the other in accomplishing a tortious

10
Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." In re Brocade Communications Systems, Inc. Derivative Litigation, 615 F. Supp. 2d 1018, 1050 (N.D. Cal. 2009) (citing Casey v. U.S. Bank Nat'l Ass'n, 127 Cal. App. 4th 1138, 1144 (2005)). Essential to this claim is the plaintiff's allegation that the defendant had "'actual knowledge of the specific primary wrong'" with which he substantially assisted. Alliance, 471 F. 3d at 993 (quoting Casey, 127 Cal. App. 4th at 1145-46). "Actual knowledge" may be proven through "inference or circumstantial evidence." Simi Management Corp. v. Bank of America, N.A., C-11-05573 DMR, 2013 WL 1089880, at *14 (N.D. Cal. Mar. 15, 2013). A plaintiff may raise this cause of action against a party regardless if that party owes the plaintiff an independent fiduciary duty. Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1134-36 (C.D. Cal. 2003).

Plaintiff's Complaint contains no more than the following "threadbare recitals" of the elements for this cause of action:

> Namboori….knew that Defendant Ron Sha was breaching his fiduciary duty to EMC….Namboori knowingly gave substantial assistance and/or encouraged Defendant Ron Sha to breach his fiduciary duty to EMC….By reason of Defendants Mrs. Sha, Namboori, and Vista Point's aiding and abetting the unlawful, fraudulent and improper conduct as alleged herein, EMC has suffered substantial damages….

Dkt. No. 1 at ¶ 71-74. Such legal conclusions, unsupported by any factual allegations suggesting how Mr. Namboori knew that Mr. Sha risked breaching his fiduciary duty or how Mr. Namboori encouraged Mr. Sha in doing so, fails to meet the Rule 8 pleading standard. See Iqbal, 556 U.S. at 663-64. Accordingly the court GRANTS Mr. Namboori's Motion to Dismiss as to the Sixth Cause of Action WITH LEAVE TO AMEND.

### f. Accounting

Plaintiff raises a claim for an accounting of "payments by Vista Point to Namboori" and other payments made among the Defendants. Dkt. No. 1 at ¶ 79. In this judicial district, a claim for

11
Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

accounting typically may survive a motion to dismiss only if (1) the relationship between a plaintiff and defendant, such as a fiduciary relationship, calls for an accounting, and (2) the defendant owes a balance to the plaintiff that is too complicated to calculate without an accounting from the court. Bhandari v. Capital One, N.A., No. 12-CV-04533, slip op. at *4 (N.D. Cal. Dec. 27, 2012); see also Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("Ordinarily, a plaintiff must demonstrate a fiduciary relationship between herself and the defendant as well as refer to a sum owed to her by the defendant in order to successfully bring a claim in equity for an accounting."); Flores v. Wells Fargo Bank, N.A., C-11-6619 JSC, 2012 WL 2427227, at *6 (N.D. Cal. Jun. 26, 2012) ("In rare cases, an accounting can be a cause of action when a defendant has a fiduciary duty to a plaintiff which requires an accounting, and some balance is due to the plaintiff that can only be ascertained by an accounting.").

Plaintiff correctly points out that under California law, evidence of a fiduciary duty owed to the plaintiff is not required to state a claim for an accounting. Rather "all that is required is that some relationship exists that requires an accounting." See Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). The Tesselle court found that if the defendants had been in control of the plaintiff's business, a sufficient relationship would have been present to require an accounting because "the right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender." Id. at 180. The Tesselle court cited Kritzer v. Lancaster, 96 Cal. App. 2d 1, 6-7 (1950), which explained:

> [W]here the allegations of the complaint show that the defendant was the trusted agent of the plaintiff, acting in a fiduciary capacity, and having for a long period of time the entire charge and control of plaintiff's business, and that by various kinds of misconduct which are specially described, defendant caused losses and became liable in various sums of money, the true amounts of which cannot be ascertained and determined without an account, there is sufficient ground for an accounting in equity.

12
Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

*Id.*

The court recognizes that, because the claim for an accounting is one of common law and not federal or constitutional law, it must look to California law to determine whether Plaintiff has successfully stated a claim. See <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938). However, the court need not resolve the apparent conflict between <u>Teselle</u> and the findings of courts in this district, because even under the more deferential standard suggested by <u>Teselle</u>, Plaintiff has failed to state a claim for an accounting.

To properly plead a relationship other than a fiduciary duty that could give rise to a claim for an accounting, Plaintiff must allege at least that Mr. Namboori was in control of some aspect of the Plaintiff's business for some period of time, was Plaintiff's trusted agent, caused a loss to Plaintiff through specific misconduct, and is now liable to Plaintiff for the damages resulting from that misconduct. See <u>Tesselle</u>, 173 Cal. App. 4th at 179-80. The Court stresses that this pleading standard is not a lesser one than that which requires allegations of a fiduciary duty owed to Plaintiff. Rather, the pleading standard is just as substantial and may require a number of factual allegations to support a finding of plausibility.

Plaintiff only alleges that Mr. Namboori "had continuing duties to deal honestly and fairly with EMC, including without limitation by not intentionally concealing the fact that Defendant Mrs. Sha, the owner of Defendant Vista Point, was and is married to Defendant Mr. Sha." Dkt. No. 1 at ¶ 77. Plaintiff further alleges that "Defendants have unlawfully received certain fees and other income from the wrongful conduct described above." <u>Id.</u> at ¶ 78. However, Plaintiff does not allege that Mr. Namboori was in control of any aspect of the business for any period of time, was a trusted agent of Plaintiff, or committed any specific misconduct that caused Plaintiff to lose some asset. As such, Plaintiff has failed to state a claim for an accounting as to Mr. Namboori, and the court GRANTS Mr. Namboori's Motion to Dismiss as to Plaintiff's Seventh Cause of Action WITH LEAVE TO AMEND.

Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

### g. Declaratory Relief

Declaratory relief may be stated simply as a party's request for a declaration of its rights. Park Townsend, LLC v. Clarendon America Ins. Co., 12-CV-04412, 2013 WL 66246, *3 (N.D. Cal. Jan. 2, 2013). A party may request declaratory relief when it alleges a controversy that is of "'character which admits of specific and conclusive relief by judgment within the field of judicial determination, as distinguished from an advisory opinion upon a particular or hypothetical set of facts.'" Id. (quoting Gafcon, Inc. v. Ponsor & Associates, 98 Cal. App. 4th 1388, 1403 (2002)). A judgment for declaratory relief must "'decree, not suggest, what the parties may or may not do.'" Park Townsend, 2013 WL 66246 at *3 (quoting Gafcon, 98 Cal. App. 4th at 1403).

Plaintiff's claim for declaratory relief seeks a court order declaring Mr. Namboori liable to it for damages "according to proof at trial." Dkt. No. 1 at ¶ 93. In contrast, Plaintiff requests that the Court declare "it does not owe any monies to Defendants Mr. Sha, Mrs. Sha, and Vista Point." Id. While Plaintiff likely states a claim for specific declaratory relief as to Defendants Mr. Sha, Mrs. Sha, and Vista Point, Plaintiff has not requested similarly specific declaratory relief as to Mr. Namboori. See id.; I.B. ex rel. Fife v. Facebook, Inc., 905 F. Supp. 2d 989, 1005 (N.D. Cal. 2012) (denying the defendant's motion to dismiss plaintiff's request for declaratory relief when the plaintiff requested "declaratory relief as to the validity of past contracts," and a determination that the defendant must "substantially alter its Facebook Credit transaction in order to comply with the law"); see Park Townsend, 2013 WL 66246 at *3 (explaining that a request for declaratory relief must seek a judicial statement of what the parties "may or may not do"). Rather, Plaintiff's claim merely reiterates its request for damages. Accordingly, the Court GRANTS Mr. Namboori's Motion to Dismiss as to Plaintiff's Eighth Cause of Action WITH LEAVE TO AMEND.

### IV. Conclusion

For the foregoing reasons the court GRANTS-IN-PART and DENIES-IN-PART Mr. Namboori's Motion to Dismiss. Plaintiff's Third, Fifth, Sixth, Seventh, and Eighth Causes of

14

Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS

Action are DISMISSED WITH LEAVE TO AMEND as against Mr. Namboori. Mr. Namboori's Motion is DENIED as to Plaintiff's First and Fourth Causes of Action.

Any amended complaint must be filed within fourteen days of the date of this Order. Plaintiff is advised that it may not add new claims or parties without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15. Plaintiff is further advised that failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action.

Because Plaintiff's anticipated amended complaint will replace the original complaint as the operative complaint in this case, Mr. Sha, Mrs. Sha, and Vista Point's respective Motions for Judgment on the Pleadings (Dkt. Nos. 24 and 26) are DENIED AS MOOT. However, this denial is without prejudice and does not preclude Defendants from timely refiling their respective Motions for Judgment on the Pleadings addressing the amended complaint.

Additionally, having found that Plaintiff successfully stated at least two claims against Mr. Namboori, the court finds that Plaintiff's attorneys did not act in bad faith in violation of Federal Rule of Civil Procedure 11 in naming Mr. Namboori as a defendant in this matter. Accordingly, Mr. Namboori's Motion for Sanctions (Dkt. No. 29) is DENIED.

**IT IS SO ORDERED**

Dated: August 13, 2013

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-CV-00118
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RAVI NAMBOORI'S MOTION TO DISMISS; DENYING DEFENDANTS RON SHA, LILY SHA, AND VISTA POINT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; DENYING DEFENDANT RAVI NAMBOORI'S MOTION FOR SANCTIONS