UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMC CORPORATION,<br><br>              Plaintiff,<br><br>   v.<br><br>RON SHA, et al.,<br><br>              Defendants. | Case No.: 5:13-cv-00118-EJD-PSG<br><br>**ORDER RE: DISCOVERY MOTIONS**<br><br>**(Re: Docket Nos. 85, 87, 88, and 90)** |

Before the court are the parties various discovery motions in this case.[1] Pursuant to Civil L.R. 7-1(b), the Court finds these motions to be appropriate for determination without oral argument.[2] Having considered the submissions of the parties and the relevant law, the court GRANTS-IN-PART the parties' motions. Because the parties are familiar with the facts of their case and stand to benefit from timely guidance, the court turns immediately to the disputes before it.

---

[1] *See* Docket Nos. 85, 87, 88, and 90.

[2] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1
Case No.: 5:13-cv-00118-EJD-PSG
ORDER RE: DISCOVERY MOTIONS

**I. MOTION TO COMPEL AMENDED RESPONSES AND ADDITIONAL PRODUCTION**

Defendant Ravi Namboori moves to compel Plaintiff EMC Corporation "to amend its responses and produce for inspection the following four categories of documents and things in response to Namboori's Request for Production, Set One:

    1. Namboori's company-issued laptop, cell phone, and iPad;

    2. Documents pertaining to EMC's factual investigation concerning the two anonymous emails;

    3. Documents related to Vista Point System, LLC and Proser Corp.; and

    4. Documents that EMC contends support its allegations."[3]

Namboori urges that he is "entitled to inspect his company-issued laptop, cell phone, and iPad, which EMC took possession of when it terminated Namboori, because they contain all documents and communications authored, received, or sent by Namboori during the relevant time period."[4] As Namboori tells it, this "information is critical to Namboori's defense because it will show there is no evidence that Namboori participated in the alleged fraudulent scheme, and that he was simply discharging his duties in the normal and everyday course and scope of his employment at EMC."[5] As to the documents pertaining to EMC's investigation, Namboori seeks "factual information" that is not privileged and has been disclosed in the operative complaint and declarations of EMC's witnesses. Namboori also seeks amended responses so that it can determine "what documents EMC has or will produce in response to a particular request, whether EMC has already produced all documents responsive to a particular request, what documents EMC has or will withhold and on what grounds, and the basis for EMC's redactions to documents it has produced."[6]

---

[3] Docket No. 85 at 1. Namboori also asks the court to order EMC to generate its ESI production in native format and a privilege log. EMC's opposition indicates that this request has been mooted by its production in the ordinary course.

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.* at 3.

2

Case No.: 5:13-cv-00118-EJD-PSG
ORDER RE: DISCOVERY MOTIONS

EMC counters by bewailing Namboori's shortcomings with equal exasperation: Namboori has not been diligent in its production, failed to engage in meet-and-confer, did not even propound formal discovery requests before filing its premature, procedurally defective motion, and, at bottom, should be the one with more responsive documents given the very nature of Defendants' fraudulent scheme. EMC did not waive its privilege claim to its internal investigation by describing certain portions of its investigation in opposition to Namboori's Rule 11 sanctions motion. More directly, EMC has already produced all evidence that it discovered during the investigation that it intends to rely on at trial. The only material it has not turned over, as identified in its privilege log, "are three sets of investigator interview notes and one chain of email correspondence between EMC's Senior Counsel for Global Compliance, Peter Acton, and a witness. EMC has even offered to make Mr. Acton available for deposition with respect to all non-privileged portions of the investigation."[7] In sum, an "an investigation conducted for a legal purpose 'falls squarely within the ambit' of the attorney-client and attorney work product privileges."[8] "Where an attorney prepares a document with the subjective understanding that litigation is a 'real possibility' and prepares that document 'because of the prospect of litigation,' that document is protected attorney work product."[9]

EMC further points out that it has already offered to provide amended responses to many of the interrogatories at issue in this motion making this motion "grossly premature" and unwarranted.[10] EMC claims that "Namboori's demand to unfettered access to the entire contents of every electronic device he ever used at EMC is a blatant violation of the proportionality

---

[7] Docket No. 91 at 10 (citing Docket 91-2, Ex. C; Docket No. 91-1 ¶ 22 ("Also in our November 20 conversation, I told Mr. McKinnon that EMC is willing to make Peter Acton available for deposition.")).

[8] *Id.* at 19 (*quoting Robinson v. Time Warner, Inc.*, 187 F.R.D. 144, 146 (S.D.N.Y. 1999)).

[9] *Id.* (*quoting Equal Rights Ctr. v. Post Properties, Inc.*, 247 F.R.D. 208, 210 (D.D.C. 2008)).

[10] *Id.* at 13-14 (citing Docket No. 91-2, Ex. B at 5).

3
Case No.: 5:13-cv-00118-EJD-PSG
ORDER RE: DISCOVERY MOTIONS

requirements of Federal Rule of Civil Procedure 26(b)(2) and Local Rule 37-2.  EMC has no obligation to grant Namboori wholesale unfettered access to its private business and employee records."[11]  EMC believes it is enough that it "has fully complied with its discovery obligations with respect to the contents of Namboori's electronic devices: it has agreed to produce all relevant and discoverable documents, including all communications between Namboori and defendants Vista Point, Lily Sha and with Proser and all communications to and from Namboori pertaining to defendants Vista Point, Lily Sha, Proser and the procurement, selection and retention of contractors and staffing agencies."[12]  "EMC is willing to make Namboori's electronic devices available for limited inspection (i.e., on the issue of EMC's allegation that Namboori re-installed the operating system on his devices to attempt to conceal his dirty tracks) with proper protections for the confidentiality of non-discoverable matters if Namboori agrees to do the same with respect to his own personal electronic devices."[13]

Having concluded from the parties' voluminous briefs on these issues that the communication between counsel has been, to put it mildly, strained, the court offers the following guidance to keep this case moving forward:

- It appears to the court that many of the disputes originally briefed in this motion, particularly as to the requests for additional clarification of interrogatory responses, have been narrowed if not outright resolved.  The parties shall meet and confer by Friday, January 17, 2014, as to any remaining disputes with an eye toward additional compromise.  If any disputes remain, the parties may file a joint two-page letter brief with the court by Monday, January 20, 2014, laying out any remaining issues that need to be resolved.

- Because Namboori's use of technology while at EMC underlies various claims in the complaint, Namboori should be permitted to inspect the disputed devices.  The parties shall meet and confer by Friday, January 17, 2014 to discuss best practices to limit access to irrelevant confidential features or data available on those devices and other conditions of Namboori's access to the technology.  If any disputes remain following meet-and-confer, the parties may include those disputes in the letter brief described above.

---

[11] *Id.* at 16.

[12] *Id.* at 17.

[13] *Id.*

4

Case No.: 5:13-cv-00118-EJD-PSG
ORDER RE: DISCOVERY MOTIONS

- Because the court is not convinced that EMC waived its privilege through its limited disclosure in responding to Namboori's Rule 11 motion, Namboori's request to access additional documents related to the investigation is DENIED.

## II. PROTECTIVE ORDER RE: NAMBOORI'S SUBPOENA TO GOOGLE

In response to Namboori's subpoena to Google seeking to "discover the identity and personal contact information of the anonymous whistleblowers who reported his and defendant Ron Sha's" alleged misconduct,[14] EMC seeks a protective order pursuant to Rule 26(c) to defend its own interests and legal obligations as a custodian of various whistleblower emails. EMC believes these e-mails fall under the protective ambit of Sarbanes-Oxley.[15] At bottom, EMC believes that the spirit of Sarbanes-Oxley would be frustrated if the holders of the anonymous e-mail accounts were disclosed because future tipsters could not trust that their identities would remain anonymous in subsequent litigation.

Namboori responds that because EMC has put the anonymous e-mails at issue in this litigation by repeating their allegations and arguing that its investigation confirmed many of their allegations, the identity of the anonymous e-mail account holders will provide factual information directly relevant to EMC's claims including the identity of potential key witnesses. Moreover, it is not EMC but Google who is the custodian of the records at issue and therefore EMC's standing to object to the subpoena is limited. It may only object to the subpoena on the basis that the e-mails disclose privileged and/or confidential information. In this case, EMC should not be able to rely on the e-mails as a sword to support its case, while preventing Namboori from obtaining discovery related to the emails on the basis of third-party privacy and public policy. Courts of this district "have uniformly held that there is no expectation of privacy in IP logs and account information."[16]

---

[14] Docket No. 87 at 2.

[15] *See* Section 301 of the Sarbanex-Oxley Act of 2002 (requiring companies to set up procedures for the "confidential, anonymous submission of employee complaints and concerns" about unlawful conduct).

5

Case No.: 5:13-cv-00118-EJD-PSG
ORDER RE: DISCOVERY MOTIONS

The court notes that EMC grounds its entire objection upon its interest in the anonymous employee Gmail accounts.[17] But EMC has not articulated any clearly defined privilege or confidentiality interest in any e-mail account information that it has standing to assert. The court is not moved by EMC's oblique references to Sarbanes-Oxley and public policy;[18] the only specific section of that act cited by EMC relates to means for accepting whistleblower reports maintained by EMC, not means for the whistleblowers to send them.[19] Whatever interests EMC may have are tangential and Namboori plainly has a right to know who sent the anonymous tip and to obtain discovery of those individual(s). In sum, absent clear statutory direction, the court does not find EMC's arguments persuasive. The court therefore DENIES EMC's motion for a protective order, without prejudice to a subsequent motion to quash filed by the anonymous account holders or the service provider, Google.

---

[16] Docket No. 92 at 2 (citing *Chevron Corp. v. Donziger*, Case No.: 3:12-mc-80237-CRB-NC, 2013 WL 4536808, at *10 (N.D. Cal. Aug. 22, 2013) ("As a condition of using Google and Yahoo!'s email service, the Doe movants voluntarily provided their names, addresses, and other identifying information. This voluntary production to a third party eviscerates any subjective expectation of privacy the Doe movants might harbor. In addition, the IP address and IP logs associated with their email accounts are the addresses visible to the outside world associated with their accounts.").

[17] *See* Docket No. 87-2, Ex. A at 35-40, 42-44 (displaying portions of the two e-mails at issue from two gmail accounts: brswhistleblower@gmail.com and brs.santaclara@gmail.com)

[18] *See* Docket No. 87 at 17 (articulating "the important and long-standing public interest in protecting and encouraging whistleblowers by protecting them from disclosure without compelling" reason).

[19] *See* Docket No. 87 at 4 ("Section 301 of the Sarbanes-Oxley Act of 2002 ('SOX') requires public companies to set up procedures for the 'confidential, anonymous submission of employee complaints and concerns' about unlawful conduct."); *see also* 15 U.S.C. § 78j-1(m)(4) ("Each audit committee shall establish procedures for—

    (A) the receipt, retention, and treatment of complaints received by the issuer regarding accounting, internal accounting controls, or auditing matters; and

    (B) the confidential, anonymous submission by employees of the issuer of concerns regarding questionable accounting or auditing matters.").

6
Case No.: 5:13-cv-00118-EJD-PSG
ORDER RE: DISCOVERY MOTIONS

### III. NAMBOORI'S DEPOSITION

The parties have also filed reciprocal motions regarding the time and circumstances of Namboori's deposition.[20] The court will cut to the chase: Namboori's deposition shall be scheduled to take place within twenty-one days of this order. Any documents which either side agrees to produce resulting from good faith negotiation within the meet-and-confer must be produced within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: January 14, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[20] *See* Docket Nos. 88 and 90.

7

Case No.: 5:13-cv-00118-EJD-PSG
ORDER RE: DISCOVERY MOTIONS